CHRISTOPHER EHMANN, PLAINTIFF, v. MANHATTAN RUBBER MANUFACTURING COMPANY, DEFENDANT.

Submitted October 16, 1926—Decided January 28, 1927.

Negligence—Injury to Employe of Purchaser of an Emery Wheel From Defendant, When it Collapsed—Alleged Improper Workmanship in Making and Installing Wheel—Reasons For Setting Aside Verdict Considered, and Rule Discharged.

On plaintiff's rule to show cause why a verdict in favor of the defendant should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *Edward A. Markley* and *Charles Stockdell Gray.*

*Contra, William A. Gaston* and *Elmer King.*

PER CURIAM.

This action was brought by the plaintiff against the defendant to recover for injuries resulting from the collapsing of an emery wheel manufactured by the defendant. This wheel had been sold by the defendant manufacturer to the employer of the plaintiff, viz., American Abrasive Metal Company. The plaintiff was engaged in operating this wheel at the time the accident occurred. The jury rendered a verdict for the defendant, and the plaintiff obtained this rule to show cause why such verdict should not be set aside.

The first ground upon which we are asked to make the rule absolute is that the trial judge erred in refusing to instruct the jury that, if the emery wheel had been properly set up, and, nevertheless, collapsed while it was being properly operated in a normal manner, the fact that it broke would be evidence that it was defective and unsafe, and, *if not explained,* would be sufficient evidence to authorize the jury to find that the defendant was negligent. It seems to us that this request was properly refused, for it embraced a factor which was not justified. That is contained in the words "if not explained." There was a full explanation submitted by the defendant. The only question was whether the jury would accept that explanation as a basis for finding that the defendant was not negligent.

The next ground for making the rule absolute is that the judge erred in refusing to charge the following request: "If you find that no act on the part of the servants of the plaintiff's employer caused the wheel to break, and that it was being used for the purpose it was intended to be used by the defendant, and at a proper speed and in a proper manner, then the breaking or bursting of the wheel presents an abnormal situation which bespeaks negligence in the manufacture of the wheel, which calls upon the defendant for an explanation to exculpate itself from the inference or presumption of negligence arising from the breaking of the wheel." What we have already said with relation to the first ground for making the rule absolute is equally applicable to this. The defendant conceded that it was required to explain the ground upon which non-liability was rested, and this it did.

In other words, the request would merely be to instruct the jury that the defendant was under an obligation which it had in fact performed.

The next ground for making the rule absolute is directed at the refusal to charge certain other requests. These requests, in their essence, are the same as those already referred to, namely, that the fact that the wheel broke would be evidence that it was defective and unsafe, and, if not explained, would be sufficient evidence to authorize a finding that the defendant was negligent, and, further, that the breaking presented an abnormal situation, which called upon the defendant for an explanation to exculpate itself from the inference of negligence arising from the breaking of the wheel. As we have already said, this the defendant did, and showed that it had complied with the requirements laid down by our cases. In *Heckel* v. *Ford Motor Co.*, 3 *N. J. Adv. R.* 631, the court lays down the following rule: "The manufacturer of an appliance, that will become highly dangerous, when put to the uses for which it is designed and intended, because of defects in its manufacture, owes to the public a duty, irrespective of any contractual relation, to use reasonable care in the manufacture of such appliance; and such duty calls for and requires the exercise of reasonable care in applying reasonable tests to detect defects and deficiencies in the appliance. * * * It must appear that such tests were applied and their application made in a reasonably careful manner." The jury was so instructed. The verdict, which was in favor of the defendant, was evidently based upon the conclusion that the defendant had complied with this legal requirement. The court in its charge having laid down the rule which we have recited, that was, of course, properly accepted by the jury as the law of the case.

The next ground for making the rule absolute is that the trial judge erred in a statement of fact made to the jury. We think this assertion is without justification.

Lastly, it is said that the verdict is against the weight of the evidence. Our reading of the testimony leads us to the opposite conclusion.

The rule to show cause will be discharged